**Headquarters**
**Department of the Army**
**Washington, DC**
**15 June 2006**

**\*Army Regulation 190–47**

**Effective 15 July 2006**

**Military Police**

# The Army Corrections System

By Order of the Secretary of the Army:

PETER J. SCHOOMAKER
*General, United States Army*
*Chief of Staff*

Official:

*Joyce E. Morrow*
JOYCE E. MORROW
*Administrative Assistant to the*
*Secretary of the Army*

**History.** This publication is a rapid action revision. The portions affected by this rapid action revision are listed in the summary of change.

**Summary.** This regulation covers policies governing the Army Corrections System and implements DOD Directive 1325. 4.

**Applicability.** This regulation applies to the Active Army, the Army National Guard/Army National Guard of the United States, and the United States Army Reserve unless otherwise stated.

**Proponent and exception authority.** The proponent of this regulation is the Provost Marshal General. The Provost Marshal General has the authority to approve exceptions or waivers to this regulation that are consistent with controlling law and regulations. The Provost Marshal General may delegate this approval authority, in writing, to a division chief within the proponent agency or its direct reporting unit or field operating agency of the proponent agency, in the grade of colonel or the civilian equivalent. Activities may request a waiver to this regulation by providing justification that includes a full analysis of the expected benefits and must include formal review by the activity's senior legal officer. All waiver requests will be endorsed by the commander or senior leader of the requesting activity and forwarded through their higher headquarters to the policy proponent. Refer to AR 25–30 for specific guidance.

**Army management control process.** This regulation contains management control provisions and identifies key management controls that must be evaluated.

**Supplementation.** Supplementation of this regulation and establishment of command and local forms are prohibited without prior approval from the Office of the Provost Marshal General (DAPM), 2800 Army Pentagon, Washington, DC 20310–2800.

**Suggested improvements.** Users are invited to send comments and suggested improvements on DA Form 2028 (Recommended Changes to Publications and Blank Forms) directly to Office of the Provost Marshal General (DAPM), 2800 Army Pentagon, Washington, DC 20310–2800.

**Distribution.** This publication is available in electronic media only and is intended for command levels C, D, and E for the Active Army and D and E for the Army National Guard/Army National Guard of the United States and the United States Army Reserve.

**Contents** (Listed by paragraph and page number)

**Chapter 1**
**The Army Corrections System,** *page 1*
Purpose • 1–1, *page 1*
References • 1–2, *page 1*
Explanation of abbreviations and terms • 1–3, *page 1*
Responsibilities • 1–4, *page 1*
Policy • 1–5, *page 2*
Army Corrections System objectives • 1–6, *page 2*
Reports • 1–7, *page 2*

**Chapter 2**
**Organizations and Functions,** *page 3*
Types of facilities • 2–1, *page 3*
Components of the Army Corrections System • 2–2, *page 3*



AO386-B
**DEFENDANT'S EXHIBIT**
CASE NO. 21-CR-92
EXHIBIT NO. F

*This publication supersedes AR 190–47, dated 13 December 2005.

AR 190–47 • 15 June 2006                                                                 i
**UNCLASSIFIED**

should rely on DA Form 4407–R (Correctional Custody Daily Performance Report). The report should reflect evaluation used by cadre and other personnel to accomplish treatment goals.

## 15–13. Standing operating procedure
Every CCF will have a written SOP posted where accessible to all cadre personnel and correctees. The SOP will cover the mission, designation and duties of cadre personnel, administration and disciplinary rules, program outlines, reports required, and standards expected of correctees.

## 15–14. Reports
   *a.* Commanders will notify Office of the Provost Marshal General (DAPM–MDP–CI), 2800 Army Pentagon, Washington, DC 20310–2800, through command channels, when a CCF is established or closed. Reports will include the designation, location, and capacity of the facility.

   *b.* A DA Form 4407 will be maintained on each correctee. The first performance report is required upon completion of 5 days at the CCF. However, this does not preclude the OIC from submitting reports any time an objective evaluation can be made.


# Chapter 16
# Detention Cell Operations

## Section I
## General

## 16–1. Purpose
This section prescribes policies and responsibilities applicable to the detention of personnel under Army police jurisdiction and establish design standards for military police detention cells.

## 16–2. Objective
The objective of this section is to standardize military police detention operations to ensure that detained personnel remain in custody only when necessary, for minimum periods, under proper supervision, are treated in a humane manner and in an environment, which will not impair their health or subject the detainee to unreasonable discomfort.

## Section II
## Detention Operations

## 16–3. Policy
   *a.* Military and civilian personnel apprehended by military police may be detained in a military police detention cell (D cell) only when necessary to prevent escape or to ensure safety of the detainee or others. Detention of military personnel in excess of 24 hours, not to exceed 72 hours, must be approved by a commissioned officer designated by the installation commander, normally the installation provost marshal. At installations where the provost marshal is a civilian, that individual may be designated by the installation commander to approve detention of military personnel in excess of 24 hours, not to exceed 72 hours.

   *b.* Detention of civilian personnel must be approved by a commissioned officer or civilian provost marshal and is authorized while pending release to civilian authorities. Detention of civilian personnel will be done only in the case of a serious felony and when the individual is a flight risk, or is a risk to him or others. Civilian authorities should be notified immediately of the detention. In no case will detention exceed 12 hours.

   *c.* Use of force will be in accordance with AR 190–14.

   *d.* Male and female personnel will not be detained in the same cell simultaneously.

   *e.* The use of other military service or civilian detention facilities to detain personnel in military police custody is authorized. When other military service facilities are used, the time limitations and other procedures described above apply. Only those civilian facilities that have been evaluated by the U.S. Marshal Service and deemed appropriate for use will be utilized.

   *f.* Juveniles will not be detained in military police D cells.

## 16–4. Procedures
   *a.* When a person is placed in a D cell while in military police custody, the Military Police Desk Blotter will be annotated to reflect the reason, time and date of the detention, and the name of the person authorizing the detention. If force is used, an entry describing why the use of force was necessary will be made.

   *b.* Apprehended personnel will be thoroughly searched before being placed in a D cell. Money, other valuables, and personal property other than clothing and wedding rings will be removed, inventoried, and secured, per procedures